IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FLANDERS DWAYNE LOWE                                                                                    PLAINTIFF

v.                                        Civil No. 1:23-cv-01031

SHERIFF TOMMY STURGEON; and
JAIL ADMINISTRATOR JOHNNY GUY                                                                DEFENDANTS

**ORDER**

Plaintiff, Flanders Dwayne Lowe, submitted this 42 U.S.C. § 1983 action *pro se* on April 24, 2023. (ECF No. 1). The Court provisionally filed Plaintiff's Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Application") on the same day. (ECF No. 3). Currently before the Court is Plaintiff's failure to comply with orders of the Court.

In the Court's April 24, 2023 Order provisionally filing Plaintiff's Complaint, the Court ordered Plaintiff to submit a completed IFP Application or pay the full filing fee by May 15, 2023. (ECF No. 3). This Order, sent to Plaintiff's address of record at the Ashley County Detention Center, was returned as undeliverable mail. The Court has waited over thirty days to receive a new address from Plaintiff. However, Plaintiff has not communicated with the Court since initially filing this action on April 24, 2023, and his whereabouts are unknown.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to

within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey a Court Order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 14th day of June, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge